UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RUSSELL GROSS**<br>    **LA. DOC #548844**<br>**VS.** | **CIVIL ACTION NO. 3:14-cv-0600**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **JAMES LeBLANC, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Russell Gross filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 20, 2014 [Doc. 1]; thereafter on April 16, 2014, he filed an Amended Complaint. [Doc. 5] Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC). He is incarcerated at the Caldwell Corrections Center. He complains that he was denied prompt and adequate medical care for glaucoma and hemorrhoids while he was incarcerated at the Rivers Correctional Center (RCC). He sued DOC Secretary James LeBlanc, RCC Warden Ricky Spinner and "unknown medical staff and unknown medical director" at RCC. He prayed for compensatory and punitive damages and injunctive relief. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

Plaintiff was incarcerated at the Rivers Correctional Center (RCC) in 2011. He complained of vision problems and was sent to the Ferriday Eye Clinic. Thereafter, in the same year, he was sent to the Airport Hospital and was diagnosed as having glaucoma. A physician prescribed "expensive eye drops" but the RCC medical staff advised plaintiff that the medication

was too expensive.

During the same time period a hemorrhoid began to protrude causing constipation and sciatica. Plaintiff was treated for glaucoma and hemorrhoids at the LSU Hospital and the Airport Hospital. Surgery was recommended along with creams, eye drops, a pillow and "other treatment" however defendants LeBlanc, Spinner "and the unknown medical staff" refused to provide the surgery or medications as prescribed. According to plaintiff, the defendants were instructed that plaintiff's condition was such that surgery was needed; however, they would not pay for the surgery even knowing that their failure to provide same might result in death or serious internal injury plus pain and suffering.

Thereafter, on unspecified dates, plaintiff was "shipped" to other corrections centers and eventually to River Bend Detention Center (RBDC), and Caldwell Corrections Center, his current place of confinement. According to plaintiff, the defendants purposefully "shipped" him to negate the need to perform surgery or provide treatment. During 2012, various diagnostic tests, including MRIs, CAT Scans and X-ray exams, were performed. However, according to plaintiff, he has still not received treatment for his glaucoma or hemorrhoids. On Memorial Day 2012 the hemorrhoid protruded and plaintiff was taken to the emergency room after several visits to the RCC medical department.

On December 10, 2013 plaintiff submitted a Grievance to the RBDC administration in which he claimed, "I have been to the nurse and doctor several times (at my expense) but my vision steadily deteriorates and is getting progressively worse. At present the doctor has me on medication which causes me more harm in the long run instead of just giving me proper medical care." He further claimed that his grievance was an emergency because, constipation resulting

from the hemorrhoids was causing sciatica in both his right and left legs.

On April 30, 2014, plaintiff was ordered to amend his complaint. [Doc. 6][1] On May 5, 2014, plaintiff submitted a pair of documents entitled "Proof of Service." Both documents averred that on April 25, 2014, he "caused to mail to the Defendant[s]... a true and correct copy of the Request for the Production of Document." He did not, however provide a copy of the request for production. [See Doc. 7] Thereafter, on May 14 and then on May 23, 2014, plaintiff advised of his transfer to the Nelson Coleman Corrections Center and then to the Caldwell Corrections Center. [Docs. 8 and 9] He has not responded to the Amend Order of April 30, 2014.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). The undersigned evaluated the original complaint pursuant to 28 U.S.C. §§1915 and 1915A and directed petitioner to amend and provide the information needed to further evaluate plaintiff's claims. Plaintiff has disregarded that order and

---

[1] Among other things he was directed to provide the following information, (1) the name of each person who allegedly violated his constitutional rights; (2) a description of what actually occurred or what each defendant did to violate his rights; (3) the place and date that each event occurred; and (4) a description of the alleged injury sustained as a result of the alleged violations. He was also instructed "... to provide the factual basis for his claim that each defendant was deliberately indifferent to his plight." [See Doc. 6]

3

his failure to respond warrants dismissal of the complaint.[2]

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.[3] A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

---

[2] It appears that dismissal at this time may result in the complete forfeiture of plaintiff's claims should he desire at some later date to pursue them. Indeed, it appears that many of his claims are already time-barred. Nevertheless, dismissal at this juncture would still be appropriate even if it ultimately "deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.*

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As previously noted, plaintiff has submitted an inadequate pleading; he was instructed to amend to provide factual support for his conclusory claims; however, he has failed to do so within the time limitation provided. As noted above, the order did not seek a legal brief on plaintiff's part; indeed, the amend order directed him to provide only **FACTS** and still plaintiff has refused to comply.

[3] In the event that plaintiff objects to this Report and Recommendation, he should amend his complaint and provide the **FACTUAL** information that he was ordered to provide in the Amend Order of April 30, 2014. [See Doc. 6; see also footnote 1, *supra*]

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, July 31, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE